The Honorable Tom Cooper Prosecuting Attorney Ninth West Judicial District Little River County Courthouse P.O. Box 214 Ashdown, AR 71822
Dear Mr. Cooper:
This is in response to your request for an opinion on several questions involving the naming or renaming of county roads. You state that these questions are asked with respect to implementation of a 911 emergency system. Your specific questions in this regard are as follows:
1. Who has the authority in a county to name a county road?
 2. If it is the County Judge, do his actions require the approval of the Quorum Court through an ordinance passed, or if not, what procedure does he have to follow to name a county road?
 3. Who has the authority to rename county roads in each of the following situations:
a. County roads named by ordinance of the Quorum Court?
 b. County roads recorded in the Circuit Clerk's office as part of a subdivision?
 c. County roads that have had known names for many years, but are not of record?
d. A county road designated as a historical landmark?
Please note that I have enclosed a copy of Attorney General Opinion96-373, which was issued in response to the general question of who has the responsibility for naming county roads when such roads are established. I concluded, generally, that the county judge has the authority and responsibility in this regard, either through issuance of county court orders or pursuant to his executive powers under Amendment55 to the Arkansas Constitution, depending upon the particular circumstances surrounding establishment of the road(s), i.e., whether through condemnation, dedication, etc.
As I understand it, your questions are asked with specific reference to implementation of a 911 emergency system; that is, your questions contemplate the naming or renaming of county roads for the specific purpose of implementing the 911 system. I have found no statutes addressing this particular matter. In the absence of any state law procedures, it is my opinion that final authority in this regard rests, similarly, with the county judge pursuant to his constitutional power and duty to operate the system of county roads. Ark. Const. amend. 55, § 3.See also A.C.A. §§ 14-14-1101 and -1102. Thus, while implementation or administration of the 911 system may provide the initial impetus for naming or renaming a county road,[1] it is my opinion that the county judge's concurrence in the matter will be necessary, in recognition of his executive powers under Amendment 55. See also A.C.A. §14-14-1102(b)(1) (regarding county judge's responsibility for "the administrative actions affecting the conduct of a plan of public roadways. . . .")
In response to your first question, therefore, it is my opinion, as concluded in Op. Att'y Gen. 96-373, that the county judge has general authority to name a county road.
It is my opinion, in response to your second question, that quorum court approval is probably not required. With regard to any requisite procedure, as noted above I have found no governing state law procedures. Regarding any local procedures, a county judge could, conceivably, establish administrative rules and regulations concerning the matter.See generally A.C.A. § 14-14-1104 (1987). Consideration should perhaps also be given to the quorum court's potential regulatory authority. You have not suggested that the quorum court has established any procedures in this regard. I am reluctant to engage in the analysis of any hypothetical legislative action. The official road plan for the unincorporated areas of the county (see A.C.A. § 14-17-208(h)) could conceivably touch upon the matter of naming county roads. Any effort of the quorum court to regulate in this area must, however, in my opinion, reflect acknowledgment of the county judge's constitutional power and duty to operate the system of county roads. Otherwise, there will be a potential separation of powers violation. See generally A.C.A. § 14-14-502
(1987) (regarding distribution of county government powers).
With regard to the four situations presented under your third question, it is my opinion that the county judge's authority to operate the county road system would likely provide a sufficient basis for the judge to rename the road in each instance. But the particular circumstances would have to be considered before making a conclusive determination. The county judge cannot act arbitrarily. And his actions would have to be viewed in light of any applicable procedural requirements. See
discussion, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Cf. Op. Att'y Gen. 96-346 (concluding, generally, that a county government may rename a private roadway if it is reasonably necessary for effective administration of 911 services).